**Stephen M. Feldman,** OSB No. 932674
sfeldman@perkinscoie.com
**Thomas R. Johnson,** OSB No. 010645
trjohnson@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: (503) 727-2000
Facsimile: (503) 727-2222

      Attorneys for Plaintiffs

**Jerre B. Swann**; jswann@kilpatrickstockton.com
**William H. Brewster**; bbrewster@kilpatrickstockton.com
**R. Charles Henn Jr.**; chenn@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

      Of Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **ADIDAS AMERICA, INC.** and **ADIDAS-SALOMON AG**,<br><br>      Plaintiffs,<br><br>v.<br><br>**PAYLESS SHOESOURCE, INC.**,<br><br>      Defendant. | No. CV01-1655 KI (Lead Case)<br>RELATED CASE to CV03-1116 KI<br><br>**REQUESTED JURY INSTRUCTIONS**<br><br>By Plaintiffs adidas America, Inc. and adidas AG<br><br>Pursuant to Fed. R. Civ. P. 51 |

Pursuant to Fed. R. Civ. P. 51, plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") respectfully request that the Court address to the jury the following Ninth Circuit pattern jury instructions and other special instructions.  adidas reserves the right to submit additional instructions or withdraw instructions in response to any instructions that may be submitted by Defendant.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# INDEX

PLAINTIFFS' INSTRUCTION NO. 1.    Statement of the Case

PLAINTIFFS' INSTRUCTION NO. 2.    Definition of Trademark

PLAINTIFFS' INSTRUCTION NO. 3.    Definition of Trade Dress

PLAINTIFFS' INSTRUCTION NO. 4.    Trademark Interest

PLAINTIFFS' INSTRUCTION NO. 5.    The Plaintiff's Burden of Proof

PLAINTIFFS' INSTRUCTION NO. 6.    Purpose of Trademark Law

PLAINTIFFS' INSTRUCTION NO. 7.    Trademark Infringement—Elements and Burden of Proof

PLAINTIFFS' INSTRUCTION NO. 8.    Trade Dress Infringement – SUPERSTAR Trade Dress

PLAINTIFFS' INSTRUCTION NO. 9.    Trademark Infringement – Elements No. 1 & 2 – Validity and Ownership

PLAINTIFFS' INSTRUCTION NO. 10.    Trade Dress Infringement – SUPERSTAR Trade Dress – Elements No. 1 & 2 – Validity and Ownership

PLAINTIFFS' INSTRUCTION NO. 11.    Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Timing of Confusion

PLAINTIFFS' INSTRUCTION NO. 12.    Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—*Sleekcraft* Test

PLAINTIFFS' INSTRUCTION NO. 13.    Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Strength of Mark

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

| PLAINTIFFS' INSTRUCTION NO. 14. | Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Use of the Mark |
| PLAINTIFFS' INSTRUCTION NO. 15. | Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Similarity of Marks |
| PLAINTIFFS' INSTRUCTION NO. 16. | Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Similarity of the Marks—Side-by-side Comparison is Inappropriate |
| PLAINTIFFS' INSTRUCTION NO. 17. | Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Actual Confusion |
| PLAINTIFFS' INSTRUCTION NO. 18. | Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Actual Confusion—Survey Evidence |
| PLAINTIFFS' INSTRUCTION NO. 19. | Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Defendant's Intent in Adopting Mark |
| PLAINTIFFS' INSTRUCTION NO. 20. | Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Similarity of Channels of Trade |
| PLAINTIFFS' INSTRUCTION NO. 21. | Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Consumer's Degree of Care |
| PLAINTIFFS' INSTRUCTION NO. 22. | Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Close Case Resolved in Favor of Senior User |
| PLAINTIFFS' INSTRUCTION NO. 23. | Unfair Competition |
| PLAINTIFFS' INSTRUCTION NO. 24. | Unfair Competition – Three-Stripe Mark and SUPERSTAR Trade Dress |
| PLAINTIFFS' INSTRUCTION NO. 25. | Unfair and Deceptive Trade Practices |

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

PLAINTIFFS' INSTRUCTION NO. 26.    Unfair and Deceptive Trade Practices – Liability

PLAINTIFFS' INSTRUCTION NO. 27.    Unfair and Deceptive Trade Practices – Liability

PLAINTIFFS' INSTRUCTION NO. 28.    Trademark Dilution

PLAINTIFFS' INSTRUCTION NO. 29.    Federal Dilution – Liability – Three-Stripe Mark

PLAINTIFFS' INSTRUCTION NO. 30.    Federal Dilution – Liability – SUPERSTAR Trade Dress

PLAINTIFFS' INSTRUCTION NO. 31.    Federal Dilution - "Famous Mark"

PLAINTIFFS' INSTRUCTION NO. 32.    Federal Dilution - "Identical or Nearly Identical"

PLAINTIFFS' INSTRUCTION NO. 33.    Federal Dilution – Likelihood of Dilution

PLAINTIFFS' INSTRUCTION NO. 34.    Dilution – Likelihood of Confusion Is Evidence of Dilution

PLAINTIFFS' INSTRUCTION NO. 35.    State Dilution – Liability – Three-Stripe Mark

PLAINTIFFS' INSTRUCTION NO. 36.    State Dilution - "Distinctive Mark"

PLAINTIFFS' INSTRUCTION NO. 37.    State Dilution – Likelihood of Dilution

PLAINTIFFS' INSTRUCTION NO. 38.    Damages

v-   PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

PLAINTIFFS' INSTRUCTION NO. 39.          Damages – Trademark Infringement, Trade Dress Infringement, and Unfair Competition – Actual Damages

PLAINTIFFS' INSTRUCTION NO. 40.          Damages – Trademark Infringement, Trade Dress Infringement, and Unfair Competition – Reasonable Royalty

PLAINTIFFS' INSTRUCTION NO. 41.          Damages – Trademark Infringement, Trade Dress Infringement, and Unfair Competition – Defendant's Profits – Three-Stripe Mark and/or SUPERSTAR Trade Dress – Willfulness

PLAINTIFFS' INSTRUCTION NO. 42.          Damages – Trademark Infringement, Trade Dress Infringement, and Unfair Competition – Defendant's Profits

PLAINTIFFS' INSTRUCTION NO. 43.          Damages – Trademark Infringement, Trade Dress Infringement, and Unfair Competition – Advice of Counsel

PLAINTIFFS' INSTRUCTION NO. 44.          Damages – Dilution – Willfulness

PLAINTIFFS' INSTRUCTION NO. 45.          Damages – Dilution – Actual Damages

PLAINTIFFS' INSTRUCTION NO. 46.          Damages – Dilution – Defendant's Profits

PLAINTIFFS' INSTRUCTION NO. 47.          Damages – Recovery of Attorney's Fees

PLAINTIFFS' INSTRUCTION NO. 48.          Damages – Punitive Damages

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

REQUESTED JURY INSTRUCTION NO. 1

**Statement of the Case**

In this case, Plaintiffs, adidas America, Inc. and adidas AG (collectively, "adidas"), contend that Defendant, Payless ShoeSource, Inc. ("Payless"), has committed trademark infringement, trademark dilution, and has engaged in unfair competition, and unfair and deceptive trade practices arising from Payless's use of two and four parallel stripes on the side of certain of its footwear. adidas further contends that Payless has committed trade dress infringement, trade dress dilution, and has engaged in unfair competition, and unfair and deceptive trade practices arising from Payless's production of certain shoes that, adidas alleges, are confusingly similar to adidas's SUPERSTAR Trade Dress. Payless denies these allegations.

To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.0 (2007) (modified); 15 U.S.C. §§ 1114, 1125; O.R.S. §§ 646.605 to 646.656 (2005).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 2

**Definition of Trademark**

A trademark is any word, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods.

One who uses a confusingly similar imitation of the trademark of another may be liable for damages.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.1 (2007) (modified); 15 U.S.C. § 1127; O.R.S. § 647.005; *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1051 (9th Cir. 1999); *Transgo, Inc. v. Ajac Transmissions Parts Corp.*, 751 F.2d 1040, 225 USPQ 458 (9th Cir. 1985).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 3

**Definition of Trade Dress**

Trade dress is the non-functional physical detail and design of a product or its packaging, which indicates or identifies the product's source and distinguishes it from the products of others.

Trade dress is the product's total image and overall appearance, and may include features such as size, shape, color, color combinations, texture, or graphics. In other words, trade dress is the form in which a person presents a product or service to the market, its manner of display.

A trade dress is non-functional if, taken as a whole, the collection of trade dress elements is not essential to the product's use or purpose even though certain particular elements of the trade dress may be functional.

One who uses a confusingly similar imitation of the trade dress of another may be liable for damages.

In my instructions, the words "trade dress" and "trademark" are sometimes used interchangeably.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.2 (2007) (modified); 15 U.S.C. § 1127; O.R.S. § 647.005; *Vision Sports, Inc. v. Melville Corp.*, 88 F.2d 609, 613 (9th Cir. 1989).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 4

**Trademark Interest**

A trademark owner may enforce the right to exclude others from using a confusingly similar mark in an action for trademark or trade dress infringement, trademark or trade dress dilution, unfair competition, or unfair and deceptive trade practices.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.0 (2007) (modified).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 5

**The Plaintiff's Burden of Proof**

In this case, adidas has the burden of proving its case by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that Payless has engaged in the conduct alleged. In civil cases, as opposed to criminal cases, it is proper to find that the plaintiff has succeeded in carrying the burden of proof if you believe that the evidence of the plaintiff outweighs that of the defendant even in the slightest degree, after considering all of the evidence in the case.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.0 (2007) (modified).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 6

**Purpose of Trademark Law**

The trademark laws balance three often-conflicting goals: (1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; (2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and (3) protecting the public interest in fair competition in the market.

The balance of these policy objectives varies from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, which you are to evaluate.

In my instruction, I will identify types of facts you are to consider in deciding if Payless is liable to adidas for violating trademark law. These facts are relevant to whether Payless is liable for:

(1) infringing adidas's registered trademark rights in the Three-Stripe Mark, by using a trademark in a manner likely to cause confusion among consumers;

(2) infringing adidas's rights in the SUPERSTAR Trade Dress by using a trade dress in a manner likely to cause confusion among consumers;

(3) unfairly competing, by using a trademark in a manner likely to cause confusion as to the origin or quality of Payless's and adidas's goods, with respect to adidas's Three-Stripe Mark;

(4) unfairly competing, by using a trade dress in a manner likely to cause confusion as to the origin or quality of Payless's and adidas's goods, with respect to adidas's SUPERSTAR Trade Dress;

(5) diluting adidas's Three-Stripe mark by eroding the public's exclusive identification of that mark with adidas; and

(6) diluting adidas's SUPERSTAR Trade Dress by eroding the public's exclusive identification of that trade dress with adidas.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.4 (2007) (modified); 15 U.S.C. §§ 1114, 1125; *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 806-07 (9th Cir. 2003); *Thane Int'l v. Trek Bicycle Corp.*, 305 F.3d 894, 900-01 (9th Cir. 2002).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 7

**Trademark Infringement—Elements and Burden of Proof**

On adidas's claims for infringement of its registered "Three-Stripe" trademark, adidas has the burden of proving by a preponderance of the evidence that:

1.  the Three-Stripe mark is a valid, protectable trademark;
2.  adidas owns the Three-Stripe mark as a trademark;
3.  Payless used a mark similar to the Three-Stripe mark without the consent of adidas in a manner that is likely to cause confusion among ordinary consumers as to the source, affiliation, connection, or association of the goods; and
4.  adidas was damaged by Payless's infringement.

If you find that each of the elements on which adidas has the burden of proof has been proved by a preponderance of the evidence, your verdict should be for adidas. If, on the other hand, adidas has failed to prove any of these elements by a preponderance of the evidence, your verdict should be for Payless.

I will instruct you on how to apply each of these elements to the evidence before you.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.5 (2007) (modified); 15 U.S.C. 1114(1); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046-47 n.8 (9th Cir. 1999); *Reno Air Racing Association, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006); *Gracie v. Gracie*, 217 F.3d 1060, 1066-67 (9th Cir. 2000); *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

REQUESTED JURY INSTRUCTION NO. 8.

**Trade Dress Infringement – SUPERSTAR Trade Dress**

On adidas's claim for infringement of its SUPERSTAR Trade Dress, adidas has the burden of proving by a preponderance of the evidence that:

1.  the SUPERSTAR Trade Dress is a valid, protectable trade dress;
2.  adidas owns the SUPERSTAR Trade Dress as a trade dress;
3.  Payless used a trade dress similar to the SUPERSTAR Trade Dress without the consent of adidas in a manner that is likely to cause confusion among ordinary consumers as to the source, affiliation, connection, or association of the goods; and
4.  adidas was damaged by Payless's infringement.

If you find that each of the elements on which adidas has the burden of proof has been proved by a preponderance of the evidence, your verdict should be for adidas. If, on the other hand, adidas has failed to prove any of these elements by a preponderance of the evidence, your verdict should be for Payless.

**AUTHORITY:** *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1381-82 (9th Cir. 1987); 9TH CIR. CIV JURY INSTR. §15.5 (2007) (modified); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046-47 & n.8 (9th Cir. 1999); *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1403-04 (9th Cir. 1997); *Int'l Jensen v. Metrosound, U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 9.

**Trademark Infringement – Elements No. 1 & 2 – Validity and Ownership**

I gave you instruction number 7 that requires adidas to prove by a preponderance of the evidence that the Three-Stripe Mark is valid and protectable and that adidas owns the trademark in order to find for adidas on its claims for trademark infringement.

One way for adidas to prove trademark validity is to show that the trademark is registered. An owner of a trademark may obtain a certificate of registration issued by the United States Patent and Trademark Office and may submit that certificate as evidence of the validity and protectability of the trademark and of the certificate holder's ownership of the trademark covered by that certificate.

Exhibits ____ through ____ are certificates of registration issued by the United States Patent and Trademark Office indicating that adidas is the owner of the Three-Stripe Mark.

In this case, there is no dispute that adidas properly received registrations for the Three-Stripe Mark and that several of these registrations are now "incontestable" under the trademark laws. This means that adidas's registration of the trademark is conclusive evidence of adidas's ownership of the Three-Stripe trademark and that the trademark is valid and protectable. I instruct you that for purposes of instruction number 7, you must find that adidas owns the Three-Stripe Mark and that the trademark is valid and protectable.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.7 (2007) (modified); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046-47 n.10 (9th Cir. 1999); *Park 'N' Fly, Inc. v. Dollar Park & Fly*, 469 U.S. 189 (1985).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 10.

**Trade Dress Infringement – SUPERSTAR Trade Dress – Elements No. 1 & 2 – Validity and Ownership**

I gave you instruction number 8 that requires adidas to prove by a preponderance of the evidence that the SUPERSTAR Trade Dress is a valid, protectable trade dress and that adidas owns the SUPERSTAR Trade Dress in order to find for adidas on its claim for trade dress infringement.

In order for the SUPERSTAR Trade Dress to be valid and protectable, adidas must prove by a preponderance of the evidence that the trade dress (1) is non-functional, and (2) has acquired distinctiveness. I have already found as a matter of law that the SUPERSTAR Trade Dress is non-functional. Therefore, I instruct you that, for purposes of the above test, you must find that the SUPERSTAR Trade Dress is non-functional. This means that in order for the SUPERSTAR Trade Dress to be valid and protectable, adidas must prove by a preponderance of the evidence only that the trade dress has acquired distinctiveness.

adidas may prove acquired distinctiveness by showing that the SUPERSTAR Trade Dress has "secondary meaning." Secondary meaning is the recognition that the trade dress has among prospective consumers.

A trade dress acquires secondary meaning when it has been used in such a way that its primary significance in the minds of the prospective consumers is not the product itself, but the identification of the product with a single source, regardless of whether consumers know who or what that source is. Thus, in order to find that the SUPERSTAR Trade Dress has acquired secondary meaning, you must find that the preponderance of the evidence shows that a significant number of the consuming public associates the SUPERSTAR Trade Dress with a single source.

You may consider the following factors when you determine whether the SUPERSTAR Trade Dress has acquired a secondary meaning:

(1) Purchaser Perception. Whether the people who purchase products that bear the SUPERSTAR Trade Dress associate the trade dress with adidas.
(2) Advertisement. The degree and manner in which adidas's advertisements included the SUPERSTAR Trade Dress.
(3) Demonstrated Utility. Whether adidas successfully has used the SUPERSTAR Trade Dress to increase sales of its shoes.
(4) Extent of Use. The length of time and manner in which adidas has used the SUPERSTAR Trade Dress.
(5) Exclusivity. Whether adidas's use of the SUPERSTAR Trade Dress has been exclusive.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

(6) Copying.  Whether Payless intentionally copied adidas's trade dress.

(7) Actual Confusion.  Whether Payless's use of adidas's trade dress has led to actual confusion.

If you find that, based on the above factors, the SUPERSTAR Trade Dress has acquired secondary meaning, then you must find that the SUPERSTAR Trade Dress is a valid and protectable trade dress.

If you find that the SUPERSTAR Trade Dress is valid and protectable because it is associated with adidas, then you must also find that adidas owns the SUPERSTAR Trade Dress as a trade dress, which is the second element of the test I gave you in instruction number 8.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.9 & 15.10 (2007) (modified); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 84-86; *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000); *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1381-82 (9th Cir. 1987).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

REQUESTED JURY INSTRUCTION NO. 11.

**Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Timing of Confusion**

Confusion in the marketplace can occur at three distinct times: before the purchase (called "initial-interest" confusion), at the moment of purchase (called "point-of-sale" confusion), and after the purchase (called "post-sale" confusion). adidas's claims are not based on point-of-sale confusion, but are based on initial-interest and post-sale confusion. I will now explain each of these concepts to you.

Likelihood of confusion is not limited to actual purchasers. The purpose of the trademark laws is to outlaw the use of trademarks which are likely to cause confusion, mistake, or deception of any kind, not merely of actual purchasers. The use of a confusingly similar imitation of another's trademark in a manner calculated to capture initial consumer attention, even though no actual sale is finally completed as a result of the confusion, may still be an infringement. This is known as *initial-interest confusion*, and Payless may be liable if you find a likelihood of initial-interest confusion.

The trademark law also protects against confusion on the part of someone other than the purchaser, occurring after the initial purchase. *Post-sale confusion* can occur when someone other than the purchaser sees the item after it has been purchased. Thus, Payless may also be liable for infringement if you find that one or more potential purchasers of adidas shoes bearing the Three-Stripe Mark or SUPERSTAR Trade Dress have been or are likely to be confused by one or more of the accused Payless shoes if such potential purchasers encounter the Payless shoes in public, not knowing the circumstances under which they were sold.

**AUTHORITY:** Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 34-38; *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1063-64 (9th Cir. 1999) (collecting cases); *Academy of Motion Picture Arts and Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1455 (9th Cir. 1991) (reversing trial court for failing to consider post-sale confusion); *Levi Strauss & Co. v. Blue Bell, Inc.*, 632 F.2d 817, 822 (9th Cir. 1980) (finding that Defendant's label would cause a likelihood of confusion among "prospective purchasers . . . who observe [Defendant's] projecting label after the point of sale"); *Payless Shoesource, Inc. v. Reebok Int'l, Ltd.*, 998 F.2d 985, 989-90 (Fed. Cir. 1993) (reversing district court's failure to issue preliminary injunction because district court failed to consider extent of post-sale confusion).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 12.

**Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—*Sleekcraft* Test**

You must consider whether Payless's use of the accused marks or trade dress is likely to cause confusion about the source, affiliation, connection, or association of adidas's or Payless's goods.

I will suggest some factors you should consider in deciding this. The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this. Likelihood of confusion is not determined by mechanically counting the number of factors that weigh in favor of each party. As you consider the likelihood of confusion you should examine the following non-exclusive list of factors:

(1)     Strength or Weakness of the Three-Stripe Mark or SUPERSTAR Trade Dress.

(2)     Payless's Use of the Mark or Trade Dress.

(3)     Similarity of the Three-Stripe Mark and the marks used by Payless; and, likewise, similarity of the SUPERSTAR Trade Dress and the trade dress used by Payless.

(4)     Actual Confusion.

(5)     Payless's Intent.

(6)     Marketing/Advertising Channels.

(7)     Consumer's Degree of Care.

I will now instruct you about how these factors should be applied to the factual determinations that you will make in this case.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.16 (2007) (modified); *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979); *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1141 (9th Cir. 2002); *Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 806-07 (9th Cir. 2003); *Classic Instruments, Inc. v. VDO-Argo Instruments, Inc.*, 73 Or. App. 732, 737, 700 P.2d 677, 684 (1985).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

REQUESTED JURY INSTRUCTION NO 13.

**Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Strength of Mark**

The first factor is the strength of adidas's trademark or trade dress.

The more the consuming public recognizes the Three-Stripe Mark or the SUPERSTAR Trade Dress as an indication of the origin of adidas's goods, the more likely it is that consumers would be confused about the source, affiliation, connection, or association of Payless's goods if Payless uses a similar mark or trade dress.

Strong marks receive the highest level of protection under the trademark laws. The fame of a mark plays an important role in determining the strength of a mark. A mark that is strong because of its fame or its uniqueness is more likely to be remembered and is more likely to be associated in the public mind with a greater breadth of products.

If you find that adidas's Three-Stripe Mark and/or SUPERSTAR Trade Dress have received extensive public recognition and renown, then they deserve and should receive more legal protection than an obscure or weak mark or trade dress. To determine whether the Three-Stripe Mark and/or SUPERSTAR Trade Dress are strong, you may consider factors such as substantial sales of products bearing the Three-Stripe Mark and/or SUPERSTAR Trade Dress, long duration of commercial use of the Mark and/or Trade Dress, popularity of the Mark and/or Trade Dress, unsolicited media coverage of the Mark and/or Trade Dress, significant advertising and extensive promotion of the Mark and/or Trade Dress.

With respect to the strength of the Three-Stripe Mark, I have already found that the mark is strong and therefore deserving of the highest level of protection.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.16 (2007); 9TH CIR. CIV JURY INSTR. §15.17 & cmt (2007) (noting that "incontestability of a mark is 'conclusive proof that the mark has secondary meaning'"); *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1179 (9th Cir. 1988) ("Evidence of the strength of Century 21's mark includes the fact that it has expended several million dollars in advertising real estate services rendered in connection with the 'Century 21' mark, and that the mark has been used in connection with real estate sales in excess of one billion dollars."); *Nissan Motor Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1163 (C.D. Cal 2000) (unsolicited media mention is evidence of strength); 4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 24:49 (4th ed. 2007).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

REQUESTED JURY INSTRUCTION NO. 14.

**Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Use of the Mark**

The second factor is Payless's use of the trademark or trade dress.

If Payless and adidas use their trademarks or trade dress on the same, related, or complementary kinds of goods, there may be a greater likelihood of confusion about the source, affiliation, connection, or association of goods than otherwise.

When evaluating the nature of Payless's use of the marks or trade dress, it is not necessary for the parties' goods to be identical for there to be a likelihood of confusion. Goods are sufficiently similar under the likelihood of confusion analysis if they compliment one another, are sold to the same class of consumers, or are similar in use and function. Where goods are directly competitive, the degree of similarity of the marks or trade dress needed to cause likely confusion is less than in the case of dissimilar goods. A small degree of similarity between two marks or two trade dresses may lead to a finding that confusion is likely when the products are identical, inexpensive items. Moreover, when the parties' goods are identical, except perhaps for quality, a lower standard of similarity may be applied when comparing the two marks or the two trade dresses.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.16 (2007) (modified); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1055 (9th Cir. 1999); E & J Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1291 (9th Cir. 1992); *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1109-1110 n.9 (9th Cir. 1992); *Beer Nuts, Inc. v. Clover Club Foods Co.*, 805 F.2d 920, 925 (10th Cir. 1986); *St. Ives Labs., Inc. v. Nature's Own Labs.*, 529 F. Supp. 347, 350 (C.D. Cal. 1981); *SquirtCo v. Seven-Up Co.*, 628 F.2d 1087, 1091 (8th Cir. 1980); *Restatement (Third) of Unfair Competition 3d*, § 21, cmt. G, at 195-96; 4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 24:22 (4th ed. 2006); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 28-29.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 15.

**Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—
Factors—Similarity of Marks**

The third factor is the similarity of the trademarks or trade dresses.

If the overall impression created by adidas's Three-Stripe Mark in the marketplace is similar in appearance to that created by the marks used by Payless, there is a greater chance that consumers are likely to be confused by Payless's use of the marks. Similarities in appearance weigh more heavily than differences in finding that the adidas and Payless marks are similar.

Likewise, if the overall impression created by adidas's SUPERSTAR Trade Dress in the marketplace is similar in appearance to that created by the trade dresses used by Payless, there is a greater chance that consumers are likely to be confused by Payless's use of the trade dresses. Similarities in appearance weigh more heavily than differences in finding that the adidas and Payless trade dresses are similar.

You should compare similarities of design by considering the impression made by the marks and/or trade dresses as a whole, rather than simply comparing individual features. Trivial distinctions between two marks and/or trade dresses are not sufficient to avoid confusion. Slight differences in the sight, sound, or meaning of trademarks and/or trade dresses will not protect an infringer. For example, the mere fact that Payless uses two or four stripes instead of the three stripes used by adidas does not mean that the marks are not similar.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §18.15 (2001) (modified); *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 351-52 (9th Cir. 1979); *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1206-07 (9th Cir. 2000); *Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1455 (9th Cir. 1991); *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1179 (9th Cir. 1988); *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1144 (9th Cir. 2002); *Exxon Corp. v. Texas Motor Exchange, Inc.*, 628 F.2d 500, 505 (5th Cir. 1980); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 25-28 (citing *adidas-Salomon AG v. Target Corp.*, 228 F.Supp.2d 1192, 1211 (D. Or. 2002)).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 16.

**Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion— Similarity of the Marks—Side-by-side Comparison is Inappropriate**

In assessing similarity of the marks or trade dresses, a side-by-side comparison of the parties' shoes is not the test of likelihood of confusion. Instead, you should consider their similarity based on the way in which consumers and potential consumers will view the shoes both in the marketplace, and while they are being worn in public, because consumers often carry an imperfect recollection of one party's mark and later observe the other party's mark at some other time and place. Thus, you should not indulge in a prolonged and minute comparison of the conflicting marks or trade dresses in the peace and quiet of the courtroom, for this is not the context in which consumers or others are faced with them.

**AUTHORITY:** *Levi Strauss & Co. v. Blue Bell, Inc.*, 632 F2d 817, 822 (9th Cir. 1980); *Mutual Ins. Co. v. Meridian Ins. Group Inc.*, 128 F.3d 1111, 1115 (7th Cir. 1997); *James Burrough, Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 275 (7th Cir. 1976); *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985 (Fed Cir. 1993); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 24-28.

21184-0010/LEGAL14082116.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

REQUESTED JURY INSTRUCTION NO. 17.

**Trademark and Trade Dress Infringement —Elements—Likelihood of Confusion—Factors—Actual Confusion**

The fourth factor is actual confusion.

If use by Payless of a mark or trade dress similar to adidas's Three Stripe Mark and/or SUPERSTAR Trade Dress has led to instances of actual confusion, this strongly suggests a likelihood of confusion. However, actual confusion is not required for a finding of likelihood of confusion. Even if actual confusion has not occurred, Payless's use of the similar trademark and/or trade dress may still be likely to cause confusion.

**AUTHORITY**: 9TH CIR. CIV JURY INSTR. §15.16 (2007) (modified); *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 796 F.2d 254, 256-57 (9th Cir. 1986) (finding likelihood of confusion and ordering injunction despite absence of evidence of actual confusion); *Steinway & Sons v. Demars & Friends*, 210 U.S.P.Q. 954 (C.D. Cal. 1981) ("Where there is evidence of actual confusion, it is regarded as 'extremely significant' to the issue of likelihood of confusion, and great weight is attached to it."); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1050 (9th Cir. 1999); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 34-38.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 18.

**Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Actual Confusion—Survey Evidence**

Because evidence of actual confusion is often not available, a consumer survey conducted according to accepted survey principles is often used as a proxy for evidence of actual confusion. These surveys measure the subjective mental associations and reactions of prospective consumers to the goods at issue. The results of a consumer survey are entitled to substantial weight when the survey is carefully designed and impartially conducted.

If you find that the Ford surveys constitute evidence of actual confusion among a substantial or "appreciable" number of prospective consumers, then you may treat this as strong evidence of a likelihood of confusion. An appreciable number is not necessarily a majority, and can be much less than a majority. Generally, net levels of confusion above 11 percent may be considered evidence of a likelihood of confusion of an appreciable number of prospective consumers.

**AUTHORITY:** *E & J Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1292-93 (9th Cir. 1992); *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 353 (9th Cir. 1979); *Jockey Int'l Inc. v. Burkard*, 185 U.S.P.Q. 201 (S.D. Cal. 1975) (11.4 percent); *McDonough Power Equip., Inc. v. Weed Eater, Inc.*, 208 U.S.P.Q. 676 (T.T.A.B. 1981) (11 percent); *Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366 (7th Cir. 1976); *Exxon Corp. v. Texas Motor Exchange, Inc.*, 628 F.2d 500, 508 (5th Cir. 1980) (15% confusion between EXXON and TEXON); *Mutual of Omaha Co. v. Novak*, 836 F.2d 397, 400-01 (8th Cir. 1987) (survey showing 10-12% confusion entitled to "significant weight"); *RJR Foods, Inc. v. White Rock Corp.*, 603 F.2d 1058, 1061 (2d Cir. 1979) (rates between 15-20% indicate likelihood of confusion); *James Burrough, Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 279 (7th Cir. 1976) (15% confusion "evidences a likelihood of confusion"); *Teaching Co. L.P. v. Unapix Entm't, Inc.*, 87 F. Supp. 2d 567, 590) (survey results of 16% confusion sufficient to prove "actual confusion of the source of origin of these products exists in the marketplace"); *Copy Cop v. Task Printing*, 908 F. Supp. 37, 42 (D. Mass. 1995) (survey showing 16.5% confusion supported plaintiff's motion for summary judgment); *SunAmerica Corp. v. Sun Life Assurance Co. of Canada*, 890 F. Supp. 1559, 1580 (N.D. Ga. 1994) (finding "inevitable confusion" where survey showed 15-20% of average consumers were confused); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1041 (C.D. Cal. 1998); *Drexel Enterprises, Inc. v. Colby*, 138 U.S.P.Q. 1 (S.D. Cal. 1963).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 19.

**Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Defendant's Intent in Adopting Mark**

The fifth factor is Payless's intent.

Bad faith or fraudulent intent is not required for trademark or trade dress infringement. However, evidence of bad faith is evidence of a likelihood of confusion, because the law provides that when one party knowingly adopts a mark or trade dress similar to another's, it is presumed that the defendant will accomplish its purpose of deceiving the public.

Knowing use by Payless of adidas's trademark or trade dress to identify similar goods may show an intent to derive benefit from the reputation of adidas, suggesting an intent to cause a likelihood of confusion.

Here, there is no dispute that Payless was aware of the Three-Stripe Mark when it began selling the footwear in question. I therefore instruct you that Payless received actual notice of adidas's rights in the Three-Stripe Mark.

As to the SUPERSTAR Trade Dress, you should determine from the evidence whether you think that Payless knowingly or intentionally used a trade dress that was likely to cause confusion with the SUPERSTAR Trade Dress.

If you find that Payless attempted to obtain advantages from the good will associated with the use of adidas's Three-Stripe Mark and/or SUPERSTAR Trade Dress, you may treat this as strong evidence of a likelihood of confusion.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.16 (2007) (modified); *Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1456 (9th Cir. 1991); *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1993) ("When an alleged infringer knowingly adopts a mark similar to another's, courts will presume an intent to deceive the public."); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 157-58 (9th Cir. 1963) ("[W]hen the evidence ... show[s] or require[s] the inference that another's name was adopted deliberately with a view to obtain some advantage from the good will, good name, and good trade which another has built up, then the inference of likelihood of confusion is readily drawn."); 15 U.S.C. § 1072; *Park 'N' Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 199-200 (1985); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 33-34.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 20.

**Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Similarity of Channels of Trade**

The sixth factor is the parties' advertising and marketing channels.

If the goods manufactured by adidas and Payless are likely to be sold in the same or similar stores or outlets, or advertised in similar media, this may increase the likelihood of confusion, even if the goods are sold at different prices and to consumers with different income levels.

Even if you find that the parties manufacture goods that are sold and advertised in completely different markets, this factor still may not favor Payless if you find a likelihood of, or actual, post-sale confusion. This is because post-sale observers may be unaware that Payless and adidas shoes are sold in different stores or at different prices, yet their confusion may still be detrimental to adidas.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.16 (2007) (modified); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 29-30; *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 989-90 (Fed Cir. 1993); *YKK Corp. v. Jungwoo Zipper Co., Ltd.*, 213 F.Supp.2d 1195, 1205 (C.D. Cal. 2002); *Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc.*, 2002 WL 570681, *9 (E.D. Cal. 2002); *Laser Svcs., Inc. v. Deenin*, 1993 WL 65666 (D. Or. 1993); *Saks & Co. v. Hill*, 843 F. Supp. 620, 623 (S.D. Cal. 1993); *Death Tobacco, Inc. v. Black Death USA*, 31 U.S.P.Q.2d 1899, 1907 (C.D. Cal. 1993); *JouJou Designs, Inc. v. JoJo Linge Int'l*, Inc., 821 F. Supp. 1347, 1354 (N.D. Cal. 1992); *St. Ives Labs., Inc. v. Nature's Own Labs.*, 529 F. Supp. 347, 353 (C.D. Cal. 1981).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 21.

**Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Factors—Consumer's Degree of Care**

The seventh factor is the consumer's degree of care.

For purposes of evaluating likelihood of confusion, you must consider whether a typical consumer exercising ordinary care would be confused by Payless's shoes.

The more sophisticated the potential buyers of the goods or the more costly the goods, the more careful and discriminating the reasonably prudent consumer exercising ordinary caution may be. They may be less likely to be confused by similarities in adidas's and Payless's trademarks and/or trade dress.

On the other hand, relatively unsophisticated customers of inexpensive goods are less likely to take a great deal of care in distinguishing between goods before purchasing, and are more likely to be attracted to, and confused by, imitations of a particular mark or trade dress.

Thus, if you find that Payless's products would be viewed and purchased by all classes of consumers, you must take into account that there will be among them the ignorant, the inexperienced, and the gullible, among whom confusion is more prevalent.

**AUTHORITY**: 9TH CIR. CIV JURY INSTR. §15.16 (2007) (modified); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 38-39; *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 155-56 (9th Cir. 1963); *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 353 (9th Cir. 1979); *Steinway & Sons v. Demars & Friends*, 210 U.S.P.Q. 954 (C.D. Cal. 1981); *M'Otto Enters., Inc. v. Redsand, Inc.*, 831 F. Supp. 1491, 1502 (W.D. Wash. 1993); *Gucci America, Inc. v. Action Activewear, Inc.*, 759 F. Supp. 1060, 1066 (S.D.N.Y. 1991).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 22.

**Trademark and Trade Dress Infringement—Elements—Likelihood of Confusion—Close Case Resolved in Favor of Senior User**

Trademark rights are based on priority of use. Therefore, the second comer has a duty to name and dress his products as to avoid all likelihood of consumers confusing it with the product of the first comer. Moreover, in a close case, amounting to a tie, doubts are resolved in favor of the senior user, adidas.

If you find that Payless began selling the shoes at issue after adidas began using the Three-Stripe Mark or the Superstar Trade Dress, then, if Payless was aware of the Three-Stripe Mark or Superstar Trade Dress, it had a duty to choose marks so as to avoid any likelihood of confusion with adidas.

**AUTHORITY:** *Dr. Suess Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1404 n. 14 (9th Cir. 1997); *Lozano Enters. v. La Opinion Pub. Co.*, 44 U.S.P.Q.2d 1764, 1766-67 (C.D. Cal. 1997); *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1132 (Fed. Cir. 1993) (noting the "*duty* of the second comer 'to so name and dress his product as to avoid all likelihood of consumers confusing it with the product of the first comer'") (citation omitted); *Scientific Applications, Inc. v. Energy Conservation Corp.*, 436 F. Supp. 354, 359 (N.D. Ga. 1977) ("It has been held that a newcomer to a business bears a duty in selection of a service or trade name 'to keep far enough away to avoid all possible confusion'") (citation omitted); 4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 23:64 (4th ed. 2006).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 23.

**Unfair Competition**

adidas has asserted several claims that fall under the category of claims known as "unfair competition."  As you will see, these claims are very similar to a claim for trademark or trade dress infringement.

Whether the violation is called infringement or unfair competition, the test is identical: "is there a likelihood of confusion?"  Accordingly, in considering adidas's unfair competition claims, you are to apply the same multi-factor test for likelihood of confusion described earlier for trademark and trade dress infringement.

There will be some differences, and I will go through these differences in a moment.

The unfair competition claims are as follows:

(1) A federal unfair competition claim for use of a trademark in a manner likely to cause confusion as to the origin or quality of adidas's goods, with respect to the Three-Stripe Mark;

(2) A state unfair competition claim for use of a trademark in a manner likely to cause confusion as to the origin or quality of adidas's goods, with respect to the Three-Stripe Mark;

(3) A federal unfair competition claim for use of a trade dress in a manner likely to cause confusion as to the origin or quality of adidas's goods, with respect to the SUPERSTAR Trade Dress; and

(4) A state unfair competition claim for use of a trade dress in a manner likely to cause confusion as to the origin or quality of adidas's goods, with respect to the SUPERSTAR Trade Dress.

For each of these claims, Payless is liable for unfair competition if (1) its shoes are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Payless with adidas, or (2) its shoes are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Payless's goods by adidas.

**AUTHORITY:**  *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1997); *Classic Instruments, Inc. v. VDO-Argo Instruments, Inc.*, 73 Or. App. 732, 737, 700 P.2d 677, 684 (1985); *Westinghouse Electric v. General Circuit Breaker*, 41 USPQ2d 1741 (9th Cir. 1997).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

REQUESTED JURY INSTRUCTION NO. 24.

**Unfair Competition – Three-Stripe Mark and SUPERSTAR Trade Dress**

For each of adidas's unfair competition claims, adidas has the burden of proving by a preponderance of the evidence that:

1. the Three-Stripe Mark and/or SUPERSTAR Trade Dress is valid and protectable;
2. adidas owns the Three-Stripe Mark and/or SUPERSTAR Trade Dress;
3. Payless used a mark similar to the Three-Stripe Mark and/or a trade dress similar to the SUPERSTAR Trade Dress without the consent of adidas in a manner that is likely to cause confusion among ordinary consumers as to the source, affiliation, connection, or association of the goods; and
4. adidas was damaged by Payless's infringement.

If you find that each of the elements on which adidas has the burden of proof has been proved by a preponderance of the evidence, your verdict should be for adidas on each unfair competition claim. If, on the other hand, adidas has failed to prove any of these elements by a preponderance of the evidence, your verdict should be for Payless.

I instruct you that for purposes of this Instruction, you must find that adidas owns the Three-Stripe Mark and that the trademark is valid and protectable. This means that the first two elements of the above test have been satisfied with respect to the Three-Stripe Mark.

In order to determine the first two elements with respect to the SUPERSTAR Trade Dress, I refer you to instruction number 10.

For the third element, you should apply the same standard that you already applied to determine whether there was a likelihood of confusion with respect to the Three-Stripe Mark and/or SUPERSTAR Trade Dress. These are instruction numbers 11 through 22.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.5 (2007) (modified); 15 U.S.C. 1114(1); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046-47 n.8 (9th Cir. 1999); *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1403 (9th Cir. 1997); *Reno Air Racing Association, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006); *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1997); *Int'l Jensen v. Metrosound, U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993); *Guess ?, Inc. v. Tres Hermanos*, 993 F. Supp. 1277, 1285 (C.D. Cal. 1997).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

REQUESTED JURY INSTRUCTION NO. 25.

**Unfair and Deceptive Trade Practices**

adidas has asserted two claims that fall under a set of statutes that prohibit unfair and deceptive trade practices. As with unfair competition claims, these claims are very similar to a claim for trademark or trade dress infringement.

In its two unfair and deceptive trade practices claims, adidas alleges that Payless has engaged in deceptive trade practices with respect to the Three-Stripe Mark and the SUPERSTAR Trade Dress, respectively, and that adidas has been injured by Payless's conduct.

**AUTHORITY:** Colo. Rev. Stat. Ann. §§ 6-1-101 to 6-1-115, 6-1-113; Del. Code Ann. tit. 6, §§ 2531 to 2536; Ga. Code Ann. §§ 10-1-370 to 10-1-375. 10-1-373; Haw. Rev. Stat. §§ 481A-1 to 481A-5, 481A-4; 815 Ill. Comp. Stat. Ann. 510/1 to 510/7, 510/3; Me. Rev. Stat. Ann. tit. 10, §§ 1211 to 1216, 1213; Minn. Stat. Ann. § 325D.43 to .48, 325D.45; Neb. Rev. Stat. §§ 87-301 to 87-306, 87-303; N.M. Stat. Ann. §§ 57-12-1 to 57-12-22, 57-12-10; N.Y. Gen. Bus. L. § 349; Ohio Rev. Code Ann. §§ 4165.01 to 4165.04, 4165.03; ORS §§ 646.605 – 646.656, 646.638; and Okla. Stat. Ann. tit. 78, §§ 51 to 55, 78-54.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 26.

**Unfair and Deceptive Trade Practices – Liability**

For adidas to recover from Payless on its claims for unfair and deceptive trade practices, you must find that all of the following have been proved by adidas by a preponderance of the evidence:

(1) Payless knowingly engaged in a deceptive trade practice;

(2) The deceptive trade practice occurred in the course of Payless's business;

(3) adidas was injured in the course of its business as a result of the deceptive trade practice; and

(4) The deceptive trade practice has caused actual damages or losses to adidas.

**AUTHORITY:** Colo. Jury Instr., Civil 29:1 (modified); Colo. Rev. Stat. Ann. §§ 6-1-101 to 6-1-115, 6-1-113; Del. Code Ann. tit. 6, §§ 2531 to 2536; Ga. Code Ann. §§ 10-1-370 to 10-1-375. 10-1-373; Haw. Rev. Stat. §§ 481A-1 to 481A-5, 481A-4; 815 Ill. Comp. Stat. Ann. 510/1 to 510/7, 510/3; Me. Rev. Stat. Ann. tit. 10, §§ 1211 to 1216, 1213; Minn. Stat. Ann. § 325D.43 to .48, 325D.45; Neb. Rev. Stat. §§ 87-301 to 87-306, 87-303; N.M. Stat. Ann. §§ 57-12-1 to 57-12-22, 57-12-10; N.Y. Gen. Bus. L. § 349; Ohio Rev. Code Ann. §§ 4165.01 to 4165.04, 4165.03; ORS §§ 646.605 – 646.656, 646.638; and Okla. Stat. Ann. tit. 78, §§ 51 to 55, 78-54.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 27.

**Unfair and Deceptive Trade Practices – Liability**

Payless has engaged in a deceptive trade practice if, in the course of its business, it engaged in any of the following:

(1) Passing off any of its goods as those of adidas. That is, attempting to make the consumer believe that any of its products are those of adidas.

(2) Caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of any of its goods. In order to determine whether this occurred, I refer you to the instructions I gave you earlier on likelihood of confusion, which are instruction number 11 through 22.

(3) Caused a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, adidas. In order to determine whether this occurred, I refer you to the instructions I gave you earlier on likelihood of confusion, which are instruction number 11 through 22.

On each unfair and deceptive trade practices claim, if you find it is more likely than not that any of the above occurred, you should find for adidas. If you find it is more likely than not that none of these occurred, you should find for Payless.

**AUTHORITY:** Del. Code Ann. tit. 6 § 2532. 4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 25:2 (4th ed. 2006); 4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 24:6 (4th ed. 2007); ORS §§ 646.605 – 646.656, 646.638; Colo. Rev. Stat. Ann. §§ 6-1-101 to 6-1-115, 6-1-113; Del. Code Ann. tit. 6, §§ 2531 to 2536; Ga. Code Ann. §§ 10-1-370 to 10-1-375. 10-1-373; Haw. Rev. Stat. §§ 481A-1 to 481A-5, 481A-4; 815 Ill. Comp. Stat. Ann. 510/1 to 510/7, 510/3; Me. Rev. Stat. Ann. tit. 10, §§ 1211 to 1216, 1213; Minn. Stat. Ann. § 325D.43 to .48, 325D.45; Neb. Rev. Stat. §§ 87-301 to 87-306, 87-303; N.M. Stat. Ann. §§ 57-12-1 to 57-12-22, 57-12-10; N.Y. Gen. Bus. L. § 349; Ohio Rev. Code Ann. §§ 4165.01 to 4165.04, 4165.03; and Okla. Stat. Ann. tit. 78, §§ 51 to 55, 78-54.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 28.

**Trademark Dilution**

adidas has also brought three trademark and/or trade dress dilution claims, two under federal law and one under state law. I will now give you some specific instructions to apply in considering these claims.

Under federal law, trademark or trade dress dilution is the lessening of the capacity of a famous or well-known or distinctive mark or trade dress to identify and distinguish goods or services. The purpose of the anti-dilution laws is to protect against the erosion of the trademark's or trade dress' value, or the tarnishment of a trademark's or trade dress' image.

adidas has asserted two claims for dilution under federal law. In one claim, adidas asserts that Payless has used marks that dilute the distinctive quality of adidas's Three-Stripe Mark. In the other claim, adidas asserts that Payless has used a trade dress that dilutes the distinctive quality of adidas's SUPERSTAR Trade Dress.

Under state law, trademark dilution requires adidas to prove a likelihood of injury to business reputation or dilution of the distinctive quality of the Three-Stripe Mark.

**AUTHORITY:** 15 U.S.C. § 1125(c), 15 U.S.C. § 1125(c) (effective until Oct. 5, 2006); ORS § 647.107; *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998); *Interstellar Starship Svcs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 947 (9th Cir. 2002).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

REQUESTED JURY INSTRUCTION NO. 29.

**Federal Dilution – Liability – Three-Stripe Mark**

Payless is liable on the first federal dilution claim if adidas has proven the following by a preponderance of the evidence:

(1) The Three-Stripe Mark is famous;

(2) Payless is making use in commerce of one or more marks that are identical or nearly identical to the Three-Stripe Mark;

(3) Payless's use began after the Three-Stripe Mark became famous; and

(4) Payless's use of a mark identical to or nearly identical to the Three-Stripe Mark causes dilution of the distinctive quality of the Three-Stripe Mark.

**AUTHORITY:** 15 U.S.C. § 1125(c); *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1326 (9th Cir. 1998) (affirming grant of summary judgment); *Pepsico, Inc. v. Reyes*, 70 F. Supp.2d 1057, 1060 (C.D. Cal. 1999) (sale of Mexican PEPSI products in the U.S. constitutes trademark dilution "as a matter of law"); *Century 21 Real Estate*, 846 F.2d at 1180 (affirming grant of summary judgment and permanent injunction because CENTURY INVESTMENTS & REALTY dilutes CENTURY 21 mark under California law); *Saks & Co.*, 843 F. Supp. at 624-25 (SACKS THRIFT AVENUE dilutes well-known SAKS FIFTH AVENUE mark); *E. & J. Gallo Winery v. Consorzio Del Gallo Nero*, 782 F. Supp. 457, 469-70 (N.D. Cal. 1991) (granting summary judgment that use of GALLO NERO on wine dilutes GALLO mark); *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1175 (C.D. Cal. 1986) ("Grey's use of the confusingly similar trademarks DOGIVA and CATIVA will result in the gradual whittling away of the distinctiveness of the trademark GODIVA."), *aff'd*, 830 F.2d 197 (9th Cir. 1987); *see also Nikon, Inc. v. Ikon Corp.*, 987 F.2d at 94 (NIKON diluted by IKON, both for cameras); *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 874 (9th Cir. 1999).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 30.

**Federal Dilution – Liability – SUPERSTAR Trade Dress**

Payless is liable on the second federal dilution claim if adidas has proven the following by a preponderance of the evidence:

(1) The SUPERSTAR Trade Dress is famous;

(2) Payless is making use of a trade dress that is identical or nearly identical to the SUPERSTAR Trade Dress;

(3) Payless's use began after the SUPERSTAR Trade Dress became famous; and

(4) Payless's use of a trade dress identical to or nearly identical to the SUPERSTAR Trade Dress causes dilution of the distinctive quality of the SUPERSTAR Trade Dress.

**AUTHORITY:** 15 U.S.C. § 1125(c); *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1326 (9th Cir. 1998) (affirming grant of summary judgment); *Pepsico, Inc. v. Reyes*, 70 F. Supp.2d 1057, 1060 (C.D. Cal. 1999) (sale of Mexican PEPSI products in the U.S. constitutes trademark dilution "as a matter of law"); *Century 21 Real Estate*, 846 F.2d at 1180 (affirming grant of summary judgment and permanent injunction because CENTURY INVESTMENTS & REALTY dilutes CENTURY 21 mark under California law); *Saks & Co.*, 843 F. Supp. at 624-25 (SACKS THRIFT AVENUE dilutes well-known SAKS FIFTH AVENUE mark); *E. & J. Gallo Winery v. Consorzio Del Gallo Nero*, 782 F. Supp. 457, 469-70 (N.D. Cal. 1991) (granting summary judgment that use of GALLO NERO on wine dilutes GALLO mark); *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1175 (C.D. Cal. 1986) ("Grey's use of the confusingly similar trademarks DOGIVA and CATIVA will result in the gradual whittling away of the distinctiveness of the trademark GODIVA."), *aff'd*, 830 F.2d 197 (9th Cir. 1987); *see also Nikon, Inc. v. Ikon Corp.*, 987 F.2d at 94 (NIKON diluted by IKON, both for cameras); *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 874 (9th Cir. 1999).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 31.

**Federal Dilution - "Famous Mark"**

To prevail on its federal law claims for dilution of its Three-Stripe Mark and/or SUPERSTAR Trade Dress, adidas must prove by a preponderance of the evidence that its Three-Stripe Mark and/or SUPERSTAR Trade Dress are "famous". In considering whether adidas's trademark and/or trade dress are "famous," you may consider the following factors:

(1) The degree of inherent or acquired distinctiveness of the trademark and/or trade dress;

(2) The duration and extent of use of the trademark and/or trade dress in connection with the goods or services with which the trademark and/or trade dress is used;

(3) The duration and extent of advertising and publicity of the trademark and/or trade dress;

(4) The geographical extent of the trading area in which the trademark and/or trade dress is used;

(5) The channels of trade for the goods or services with which the trademark and/or trade dress is used;

(6) The degree of recognition of the trademark and/or trade dress in the trading areas and channels of trade used by adidas and Payless;

(7) The nature and extent of use of the same or similar trademarks and/or trade dresses by third parties; and

(8) Whether the trademark and/or trade dress was registered.

**AUTHORITY:** 15 U.S.C. § 1125(c)(1)(A)-(H) (effective until Oct. 5, 2006); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 42-44.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 32.

**Federal Dilution - "Identical or Nearly Identical"**

As discussed above, to prevail on its federal law claims for dilution of its Three-Stripe Mark and/or SUPERSTAR Trade Dress, adidas must prove by a preponderance of the evidence that Payless used one or more trademarks and/or trade dress that were identical or nearly identical to those owned by adidas.

"Identical or nearly identical" does not mean that the two marks or two trade dresses have to be exactly the same. The marks are considered "identical or nearly identical" if a significant segment of the consuming public would see the two marks as essentially the same.

**AUTHORITY:** 15 U.S.C. § 1125(c); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 45-48; *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 905-07 (9th Cir. 2002); *Jada Toys, Inc. v. Mattel, Inc.*, 496 F.3d 974, 981 (9th Cir. 2007).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 33.

**Federal Dilution – Likelihood of Dilution**

Under federal law, dilution can happen in two ways: blurring and tarnishment.

Blurring occurs when a defendant uses an identical or nearly identical version of the plaintiff's trademark or trade dress to identify the defendant's goods or services, creating the possibility that the plaintiff's mark or trade dress will lose its ability to serve as a unique identifier of the plaintiff's product. This can occur even though there is no confusion as to source, sponsorship, affiliation, or connection.

Tarnishment is using a mark or trade dress that is identical or nearly identical to a famous mark or trade dress of the plaintiff in such a way that harms the reputation of the plaintiff's mark or trade dress by degrading the public's positive associations with the mark or trade dress.

If adidas proves dilution either by blurring or by tarnishment, then you should find for adidas. adidas is not required to prove dilution both by blurring and by tarnishment.

**AUTHORITY:** 15 U.S.C. § 1125(c); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 48-49; *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 905-07 (9th Cir. 2002); *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1036-37 (9th Cir. 2007); 4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, §§ 24:69-70, 24:72 (4th ed. 2007).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 34.

**Dilution – Likelihood of Confusion Is Evidence of Dilution**

To prevail on its dilution claims, adidas need not prove likelihood of confusion. However, if you find that an appreciable number of consumers are confused by Payless's shoes, this is evidence that adidas's Three-Stripe Mark and/or SUPERSTAR Trade Dress is are being diluted.

**AUTHORITY**: *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 203, 219 (2nd. Cir. 1999) ("A junior use that confuses consumers as to which mark is which surely dilutes the distinctiveness of the senior users"); *James Burrough, Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 274-75 n.16 (7th Cir. 1976) ("[a] trademark likely to confuse is necessarily a trademark likely to dilute,"); *Guess ?, Inc. v. Tres Hermanos*, 993 F. Supp. 1277, 1285 (C.D. Cal. 1997) ("because the ultimate goal of dilution is to preserve the logo as an indicator of source, it can be presumed from the analysis of trademark infringement that source confusion is likely").

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 35.

**State Dilution – Liability – Three-Stripe Mark**

Payless is liable on the state dilution claim if adidas has proven the following by a preponderance of the evidence:

(1) The Three-Stripe Mark is distinctive;

(2) Payless is making use in commerce of one or more marks that are identical or nearly identical to the Three-Stripe Mark;

(3) Payless's use began after the Three-Stripe Mark became distinctive; and

(4) Payless's use of a mark identical to or nearly identical to the Three-Stripe Mark presents a likelihood of injury to the business reputation of adidas or of diminution of the Three-Stripe Mark as an advertising tool among consumers of adidas's products.

**AUTHORITY:** ORS § 647.107; *Wedgwood Homes, Inc. v. Lund*, 294 Or. 493, 503 (1983); *Interstellar Starship Svcs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 947 (9th Cir. 2002).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 36.

**State Dilution - "Distinctive Mark"**

      To prevail on its state law claim for dilution of its Three-Stripe Mark, adidas must prove by a preponderance of the evidence that its Three-Stripe Mark is "distinctive." adidas does not need to prove that the Three-Stripe Mark is famous. Distinctiveness may be developed by long use, consistent superior quality instilling customer satisfaction, or extensive advertising. If the Three-Stripe Mark has come to signify adidas's product in the mind of a significant portion of consumers and if the mark evokes favorable images of adidas or its products, the mark is distinctive.

**AUTHORITY:** ORS § 647.107; *Wedgwood Homes, Inc. v. Lund*, 294 Or. 493 (1983); *Interstellar Starship Svcs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 947 (9th Cir. 2002).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 37.

**State Dilution – Likelihood of Dilution**

Under state law, dilution can happen in two ways: blurring and tarnishment.

Blurring occurs when a defendant uses an identical or nearly identical version of the plaintiff's trademark to identify the defendant's goods or services, creating the possibility that the plaintiff's mark will lose its ability to serve as a unique identifier of the plaintiff's product. This can occur even though there is no confusion as to source, sponsorship, affiliation, or connection.

Tarnishment is using a mark that is identical or nearly identical to a distinctive mark of the plaintiff in such a way that harms the reputation of the plaintiff's mark by degrading the public's positive associations with the mark.

If adidas proves dilution either by blurring or by tarnishment, then you should find for adidas. adidas is not required to prove dilution both by blurring and by tarnishment.

**AUTHORITY:** ORS § 647.107; *Wedgwood Homes, Inc. v. Lund*, 294 Or. 493, 500-02 (1983).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 38.

**Damages**

If you find for adidas on its federal trademark infringement, trade dress infringement, or unfair competition claims, you may award adidas:

(1) Actual damages;
(2) Payless's profits; and
(3) Attorney's fees.

I will instruct you as to the requirements for each award and provide guidance as to how to calculate those awards.

**AUTHORITY:** 15 U.S.C. § 1117(a).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 39.

**Damages – Trademark Infringement, Trade Dress Infringement, and Unfair Competition – Actual Damages**

If you find for adidas on any of its trademark infringement or unfair competition claims with respect to the Three-Stripe Mark, or if you find for adidas on its trade dress infringement or unfair competition claims with respect to the SUPERSTAR Trade Dress, you must determine adidas's actual damages.

adidas has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate adidas for any injury you find was caused by either Payless's infringement of adidas's Three-Stripe Mark or SUPERSTAR Trade Dress or Payless's unfair competition with respect to the Three-Stripe Mark or the SUPERSTAR Trade Dress. It is not necessary for adidas to prove that Payless acted willfully in order to recover damages.

In determining adidas's actual damages, you should consider the following:

(1) The injury to adidas's reputation;
(2) The injury to adidas's goodwill, including injury to adidas's general business reputation; and
(3) Whether the evidence would support a reasonable royalty.

To recover damages for trademark infringement, trade dress infringement, or unfair competition, it is not necessary for adidas to prove it has actually lost any sales to Payless.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.25 (2007) (modified); 15 U.S.C. § 1117; *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117 (9th Cir. 1968); *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 621 (9th Cir. 1993); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993); *Brooks Bros. v. Brooks Clothing of California, Ltd.*, 60 F. Supp. 442 (S.D. Cal. 1945), *aff'd*, 1548 F.2d 798 (9th Cir. 1947); *Starr v. Hotelling*, 168 Or. 207 (1942).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 40.

**Damages – Trademark Infringement, Trade Dress Infringement, and Unfair Competition – Reasonable Royalty**

adidas is seeking actual damages in the form of a reasonable royalty. I want to give you some idea of what a reasonable royalty is, and how one is calculated.

A royalty is a payment made to the owner of a trademark or trade dress by a non-owner in exchange for rights to use the trademark or trade dress. A reasonable royalty is the royalty that would have resulted from a hypothetical negotiation between the trademark or trade dress owner and a company in the position of Payless taking place just before the infringement or unfair competition began. You should also assume that both parties to that negotiation understood the trademark or trade dress to be valid. Although the relevant date for the hypothetical negotiation is just before the infringement began, you may consider in your determination of adidas's reasonable royalty-based damages any profits made by Payless from sales of the infringing shoes after that time and any commercial success of the trademark or trade dress in the form of sales of items bearing the mark or trade dress after that time. You may consider this information, however, only if it was foreseeable at the time that the infringement began.

**AUTHORITY:** 5 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, §§ 30:85-87 (4th ed. 2007); *Playboy Enterprises, Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272 (9th Cir. 1982).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 41.

**Damages – Trademark Infringement, Trade Dress Infringement, and Unfair Competition – Defendant's Profits – Three-Stripe Mark and/or SUPERSTAR Trade Dress – Willfulness**

In order for adidas to be entitled to recover Payless's profits from the sales of the infringing shoes, adidas has the burden of proving by a preponderance of the evidence that Payless acted willfully or in bad faith when it infringed the Three-Stripe Mark and/or SUPERSTAR Trade Dress, or when Payless engaged in unfair competition with respect to the Three-Stripe Mark and/or SUPERSTAR Trade Dress.

If you find that Payless designed and sold its infringing shoes despite actual notice of adidas's Three-Stripe Mark and/or SUPERSTAR Trade Dress, or that Payless's conduct occurred with knowledge that its actions constituted infringement, then you may find that Payless acted willfully or in bad faith.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.24 (2007) (modified); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1993); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 157-58 (9th Cir. 1963); D*iscovery Communications, Inc. v. Animal Planet, Inc.*, 172 F.Supp.2d 1282, 1292 (C.D. Cal. 2001); 4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 23:117 (4th ed. 2006); 5 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 30:62 (4th ed. 2007); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 12-22; *Chiron Corp. v. Genentech, Inc.* 268 F.Supp.2d 1117, 1121 (E.D. Cal. 2002).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 42.

**Damages – Trademark Infringement, Trade Dress Infringement, and Unfair Competition – Defendant's Profits**

On any trademark infringement, trade dress infringement, or unfair competition claim on which you find for adidas and you find that Payless acted willfully, adidas is entitled to any profits earned by Payless that are attributable to Payless's infringement, subject to the limitations set forth in this instruction. You may not include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting any and all allowable expenses from gross revenue.

Gross revenue consists of all money derived by Payless from the sale of any shoes found to have infringed adidas's Three-Stripe Mark and/or SUPERSTAR Trade Dress, or from the sale of any shoes found to have unfairly competed with adidas. adidas has the burden of proving Payless's gross revenue by a preponderance of the evidence.

Allowable expenses are all costs that Payless can demonstrate were of actual assistance in the production, distribution, or sale of the infringing products. Payless has the burden of proving the allowable expenses by a preponderance of the evidence.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. § 15.26 (2007) (modified); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1405-08 (9th Cir. 1993); *Kamar Int'l, Inc. v. Russ Berrie and Co., Inc.*, 752 F.2d 1326, 1332 (9th Cir. 1984); 5 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 30:66 (4th ed. 2007).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 43.

**Damages – Trademark Infringement, Trade Dress Infringement, and Unfair Competition – Advice of Counsel**

Payless has asserted as a defense to willfulness that Payless relied on the advice of its legal counsel. To prevail on such a defense, Payless must prove by a preponderance of the evidence that: (1) Payless consulted counsel; (2) who gave thorough, competent, objectively reasonable advice; and (3) Payless was reasonable in the following that advice. In considering whether the advice Payless received was competent, and whether Payless was reasonable to rely on that advice, you may consider several factors, including:

(1) The background research performed by Payless's attorneys – the less background research done by Payless's attorneys, the less competent the advice and the less reasonable it was for Payless to rely on that advice;

(2) Whether the advice given to Payless was oral or written – if the advice given to Payless was oral, it was less reasonable for Payless to rely on that advice;

(3) The objectivity of the advice given to Payless – the less objective the advice given to Payless, the less competent the advice and the less reasonable it was for Payless to rely on that advice;

(4) Whether the attorneys giving the advice to Payless or rendering the opinions were experienced trademark lawyers – the less experienced the attorneys in trademark law, the less competent the advice and the less reasonable it was for Payless to rely on that advice;

(5) Whether the opinions given to Payless were detailed or merely conclusory – the less detailed the opinions, the less reasonable it was for Payless to rely on those opinions; and

(6) Whether any material information was withheld from Payless's attorneys – if material information was withheld from Payless's attorneys, then it is less likely that the advice was competent or that Payless was reasonable to rely on that advice.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.24 (2007) (modified); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1993); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 157-58 (9th Cir. 1963); Di*scovery Communications, Inc. v. Animal Planet, Inc.*, 172 F.Supp.2d 1282, 1292 (C.D. Cal. 2001); 4 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 23:117 (4th ed. 2006); 5 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, § 30:62 (4th ed. 2007); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 12-22; *Chiron Corp. v. Genentech, Inc.* 268 F.Supp.2d 1117, 1121 (E.D. Cal. 2002).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 44.

**Damages – Dilution – Willfulness**

In order for adidas to be entitled to recover actual damages or Payless's profits on adidas's dilution claims under federal law, adidas must prove by a preponderance of the evidence that Payless willfully intended to trade on adidas's reputation or to cause dilution of the Three-Stripe Mark and/or SUPERSTAR Trade Dress.

**AUTHORITY:** 15 U.S.C. § 1125(c)(2) (effective until Oct. 5, 2006); Dec. 21, 2007 Opinion and Order (Doc. No. 662) at 12-22.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 45.

**Damages – Dilution – Actual Damages**

If you find for adidas on either of its dilution claims under federal law, and you find that Payless acted willfully, then adidas may be entitled to damages.

adidas has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate adidas for any injury you find was caused by Payless's dilution of adidas's Three-Stripe Mark and/or SUPERSTAR Trade Dress.

In determining adidas's actual damages, you should consider the following:

(1) The injury to adidas's reputation;
(2) The injury to adidas's goodwill, including injury to adidas's general business reputation; and
(3) Whether the evidence would support a reasonable royalty.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. §15.25 (2007) (modified); 15 U.S.C. § 1117; *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117 (9th Cir. 1968); *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 621 (9th Cir. 1993); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407-11 (9th Cir. 1993); 5 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition*, §§ 30:74-75 (4th ed. 2007).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

REQUESTED JURY INSTRUCTION NO. 46.

**Damages – Dilution – Defendant's Profits**

  If you find for adidas on either of its dilution claims under federal law, and you find that Payless acted willfully, then adidas is entitled to any profits earned by Payless that are attributable to Payless's dilution. I have already instructed you on the proper calculation of Payless's profits and the parties' respective burdens.

**AUTHORITY:** 9TH CIR. CIV JURY INSTR. § 15.26 (2007) (modified); 15 U.S.C. § 1117; *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1405-08 (9th Cir. 1993).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 47.

**Damages – Recovery of Attorney's Fees**

If you find that Payless committed trademark or trade dress infringement, unfair competition, or engaged in unfair and deceptive trade practices, you must determine whether adidas is entitled to attorney's fees. The law permits a jury to award attorney's fees in "exceptional cases," which exist when the evidence shows that a defendant has deliberately or willfully infringed a plaintiff's trademark or trade dress in bad faith. If you find that Payless infringed adidas's Three-Stripe Mark or SUPERSTAR Trade Dress deliberately or willfully and in bad faith, in order to trade on adidas's reputation or good will, then you may require Payless to pay the attorney's fees incurred by adidas in this lawsuit.

**AUTHORITY:** 15 U.S.C. § 1117 (a); *Horphag Research Ltd. v. Pelligrini*, 337 F.3d 1036, 1042 (9th Cir. 2003); *Gracie v. Gracie*, 217 F.3d 1060, 1068-69 (9th Cir. 2000); *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993); *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1111 (9th Cir. 1992); Colo. Rev. Stat. Ann. §§ 6-1-101 to 6-1-115, 6-1-113; Del. Code Ann. tit. 6, §§ 2531 to 2536; Ga. Code Ann. §§ 10-1-370 to 10-1-375. 10-1-373; Haw. Rev. Stat. §§ 481A-1 to 481A-5, 481A-4; 815 Ill. Comp. Stat. Ann. 510/1 to 510/7, 510/3; Me. Rev. Stat. Ann. tit. 10, §§ 1211 to 1216, 1213; Minn. Stat. Ann. § 325D.43 to .48, 325D.45; Neb. Rev. Stat. §§ 87-301 to 87-306, 87-303; N.M. Stat. Ann. §§ 57-12-1 to 57-12-22, 57-12-10; N.Y. Gen. Bus. L. § 349; Ohio Rev. Code Ann. §§ 4165.01 to 4165.04, 4165.03; ORS §§ 646.605 – 646.656, 646.638; and Okla. Stat. Ann. tit. 78, §§ 51 to 55, 78-54.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

REQUESTED JURY INSTRUCTION NO. 48.

**Damages – Punitive Damages**

    If you award monetary recovery to adidas on its trademark or trade dress infringement claims, or any of its unfair competition or unfair and deceptive trade practices claims, you must also determine whether adidas is entitled to punitive damages. adidas is entitled to punitive damages only if it proves that Payless has acted with malice or in willful, wanton, and reckless disregard of the rights of adidas, or if deterrence is called for and Payless's conduct is particularly aggravated.

    You must find these facts by clear and convincing evidence. Clear and convincing evidence means that the truth of the asserted evidence is highly probable.

**AUTHORITY:** O.R.S. § 31.730; *Thompson v. Federico*, 324 F.Supp.2d 1152, 1170 (D. Or. 2004); *Clausen v. M/V NEW CARISSA*, 171 F.Supp.2d 1127, 1131 (D. Or. 2001), *aff'd*, 339 F.3d 1049 (9th Cir. 2003); *American Republic Ins. Co. v. Union Fidelity Life Ins. Co.*, 470 F.2d 820, 826 (9th Cir. 1972); *Financial* Programs*, Inc. v. Falcon Financial Services, Inc.*, 371 F.Supp. 770, 781 (D. Or. 1974); *Teague Motor Co. v. Rowton*, 733 P.2d 93, 96 (Or. Ct. App. 1987); *Crooks v. Pay Less Drug Stores Northwest, Inc.*, 285 Or. 481, 488-90 (1979); *Mabin v. Tualatin Development Co., Inc.*, 616 P.2d 1196 (Or. Ct. App. 1980).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

DATED: March 18, 2008                    **PERKINS COIE** LLP


By:/s/ Stephen M. Feldman
    Stephen M. Feldman, OSB No. 932674
    Thomas R. Johnson, OSB No. 010645
sfeldman@perkinscoie.com
trjohnson@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiffs

Jerre B. Swann, (admitted *pro hac vice*)
William H. Brewster, (admitted *pro hac vice*)
R. Charles Henn Jr., (admitted *pro hac vice*)
**KILPATRICK STOCKTON LLP**
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Of Counsel for Plaintiffs

50- PLAINTIFFS' REQUESTED JURY
    INSTRUCTIONS