**Stephen M. Feldman,** OSB No. 932674
sfeldman@perkinscoie.com
**Thomas R. Johnson,** OSB No. 010645
trjohnson@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: (503) 727-2000
Facsimile: (503) 727-2222

Attorneys for Plaintiffs

**Jerre B. Swann**
jswann@kilpatrickstockton.com
**William H. Brewster**
bbrewster@kilpatrickstockton.com
**R. Charles Henn Jr.**
chenn@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Of Counsel for Plaintiffs

**William B. Crow,** OSB No. 610180
bcrow@schwabe.com
**SCHWABE, WILLIAMSON & WYATT**
1211 SW 5th Ave., Ste. 1900
Portland, Oregon 97204
Telephone: (503) 796-2406
Facsimile: (503) 796-2900

Attorneys for Defendant Payless ShoeSource, Inc.

**William A. Rudy** (Admitted *pro hac vice*)
wrudy@lathropgage.com
**David V. Clark** (Admitted *pro hac vice*)
dclark@lathropgage.com
(Additional attorneys listed at signature)
**LATHROP & GAGE L.C.**
2345 Grand Blvd., Suite 2800
Kansas City, Missouri 64108-2612
Telephone: (816) 292-2000
Facsimile: (816) 292-2001

Of Counsel for Defendant Payless ShoeSource, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **ADIDAS AMERICA, INC.** and **ADIDAS-SALOMON AG**,<br><br>        Plaintiffs,<br><br>v.<br><br>**PAYLESS SHOESOURCE, INC.**,<br><br>        Defendant. | No. CV01-1655 KI (Lead Case)<br>RELATED CASE to CV03-1116 KI<br><br>**PRETRIAL ORDER** |

1- PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21184-0010/LEGAL14082807.1

The following pretrial order is lodged pursuant to LR 16.6.

## I.    NATURE OF THE ACTION

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas" or "Plaintiffs") allege eleven (11) claims: (1) federal trademark infringement pursuant to 15 U.S.C. § 1114; (2) federal unfair competition pursuant to 15 U.S.C. § 1125(a) as to the Three-Stripe Mark; (3) federal unfair competition pursuant to 15 U.S.C. § 1125(a) as to the Superstar Trade Dress; (4) federal trademark dilution pursuant to 15 U.S.C. § 1125(c) as to the Three-Stripe Mark; (5) federal trademark dilution pursuant to 15 U.S.C. § 1125(c) as to the Superstar Trade Dress; (6) state trademark dilution and injury to business reputation as to the Three-Stripe Mark; (7) state trademark dilution and injury to business reputation as to the Superstar Trade Dress; (8) unfair and deceptive trade practices as to the Three-Stripe Mark; (9) unfair and deceptive trade practices as to the Superstar Trade Dress; (10) common law trademark infringement and unfair competition as to the Three-Stripe Mark; and (11) common law trademark infringement and unfair competition as to the Superstar Trade Dress.  All of these claims arise out of Defendant Payless ShoeSource, Inc.'s ("Payless" or "Defendant") sale of footwear having designs that adidas alleges are confusingly similar to and/or dilute the distinctiveness of a three-stripe mark and/or the Superstar trade dress.  Trial will be to a jury.

## II.    SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over adidas's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

## III.    AGREED FACTS

1.    Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postfach 1120, D-91072 Herzogenaurach, Federal Republic of Germany.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

2.      Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.

3.      adidas America, Inc. is wholly-owned by adidas AG and its affiliates, and within the United States, adidas America, Inc. is a distributor of ADIDAS-brand merchandise, including footwear bearing a three-stripe mark.

4.      Defendant Payless ShoeSource, Inc. is a Delaware corporation with a principal place of business at 3231 SE Sixth Avenue, Topeka, Kansas 66607.

5.      adidas is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by the United States Patent and Trademark Office on January 11, 1994, for a three-stripe mark, as depicted below, for "athletic footwear."



6.      Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, for Reg. No. 1,815,956.

7.      adidas is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the United States Patent and Trademark Office on May 3, 1994, for a three-stripe mark, as depicted below, covering "athletic footwear."



8.      Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, for Reg. No. 1,833,868.

3-   PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0010/LEGAL14082807.1

9.    adidas is the owner of a federal trademark registration, Reg. No. 2,278,589, issued by the United States Patent and Trademark Office on September 21, 1999, for a three-stripe mark, as depicted below, covering "athletic footwear."



10.    Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, for Reg. No. 2,278,589.

11.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,135, issued by the United States Patent and Trademark Office on December 13, 2005, for a three-stripe mark, as depicted below, for "footwear."



12.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,129, issued by the United States Patent and Trademark Office on December 13, 2005, for a three-stripe mark, as depicted below, for "footwear."



**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

13.     adidas is the owner of a federal trademark registration, Reg. No. 2,909,861, issued by the United States Patent and Trademark Office on December 14, 2004, for a three-stripe mark, as depicted below, covering "footwear, namely, slides."



14.     adidas is the owner of a federal trademark registration, Reg. No. 2,999,646, issued by the United States Patent and Trademark Office on September 27, 2005, for a three-stripe mark, as depicted below, covering "footwear, namely, slides."



15.     adidas also owns numerous additional trademark registrations covering footwear and apparel, including U.S. Reg. Nos. 870,136, 961,353, 2,016,963, 2,058,619, 2,284,308, 2,278,591, 3,029,127, 3,063,742, 3,063,745, 3,087,329, 3,183,656, 3,183,663, and 3,236,505.

16.     Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, for Reg. Nos. 870,136, 961,353, 2,016,963, 2,058,619, 2,284,308, and 2,278,591.

17.     adidas also owns a federal registration for the word mark THE BRAND WITH THE THREE STRIPES, Reg. No. 1,674,229, for sport and leisure wear.

18.     Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, for Reg. No. 1,674,229.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

19.     In 1994, adidas filed suit against Payless in the United States District Court for the Eastern District of New York, Civil Action No. 94-civ-3424 (Wexler), alleging that certain Payless footwear infringed a three-stripe mark (the "1994 Action").

20.     Payless and adidas settled the 1994 Action by entering into a Settlement Agreement dated December 15, 1994 (the "Settlement Agreement").

21.     In the Settlement Agreement, Payless agreed, "except as otherwise provided [in the Agreement], not to order, sell or manufacture athletic shoes bearing three substantially straight parallel stripes on the side of the shoe running diagonally from the outsole forward to the lacing area."

22.     In the Settlement Agreement, Payless agreed "it will not, except as otherwise provided [in the Agreement], order or sell athletic shoes bearing two or four parallel double-serrated stripes of contrasting color running diagonally from the outsole forward to the lacing area."

23.     adidas has used a three-stripe mark in connection with sponsorship of sports tournaments (including the World Cup), sporting events (including the Boston Marathon) and organizations (including the New York Yankees), as well as professional athletes (including NBA players Tim Duncan, Kevin Garnett, and Tracy McGrady, professional golfer Sergio Garcia, baseball player Nomar Garciaparra, and soccer players David Beckham and Eddie Pope) and collegiate sports teams (including Notre Dame, the University of California at Los Angeles, the University of Nebraska and the University of Tennessee).

24.     Payless has offered for sale and sold the Payless footwear at issue in this case (referred to herein as the "Accused Footwear") in the United States.

25.     The Accused Footwear is not manufactured, licensed, or sold by adidas.

26.     Payless is not associated or affiliated with adidas.

27.     adidas does not own any trademark registration depicting only two stripes.

6-   PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

28.     adidas does not own any trademark registration depicting four stripes.

29.     adidas does not sell footwear bearing only two stripes.

30.     adidas does not sell footwear bearing four stripes.

31.     All adidas shoes are sold in boxes that indicate the shoes are adidas shoes.

32.     Payless does not sell and has never sold adidas shoes in any of its retail stores.

33.     On November 8, 2001, adidas filed this action against Payless.

34.     adidas' Complaint in this case complains of Payless shoes bearing, among other things, two or four parallel, equi-distant stripes running from the lacing area to the outsole.

35.     On August 13, 2002, adidas filed a lawsuit against Wal-Mart Stores, Inc. alleging, among other things, that Wal-Mart had infringed the adidas three-stripe mark by selling and offering for sale shoes with two or four stripes.

36.     On May 22, 2002, adidas filed a lawsuit against KMart Corporation alleging, among other things, that KMart had infringed the adidas three-stripe mark by selling and offering for sale shoes with two or four stripes.

37.     On October 24, 2001, adidas filed a lawsuit against Target Corp., E.S. Originals, Inc., and B.U.M., Inc. alleging, among other things, that they had infringed the adidas three-stripe mark by selling and offering for sale shoes with two or four stripes.  adidas later added similar claims to that lawsuit against ACI International, Inc.

## IV.    CLAIMS AND DEFENSES

### CLAIM ONE
### Federal Trademark Infringement (15 U.S.C. § 1114)

A.    **adidas Contends**

1.     adidas owns federal registrations for the Three-Stripe Mark, and adidas owns the exclusive trademark rights and privileges in and to the Three-Stripe Mark.  adidas uses the Three-Stripe Mark as a designation of source and quality for its goods, including footwear.

2.     Payless has offered for sale and sold the Accused Footwear in the United States.

7-   PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

3.     The Accused Footwear bears designs that are confusingly similar imitations of adidas's Three-Stripe Mark.

4.     Payless's sale and offer for sale of the Accused Footwear is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Accused Footwear is manufactured or distributed by adidas, or that Payless or their goods are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

5.     Payless has used designs that are confusingly similar to adidas's federally registered marks in violation of 15 U.S.C. § 1114.

6.     Payless's activities have caused and will continue to cause injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

7.     Payless's sale and offer for sale of the Accused Footwear constitutes an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to adidas's great and irreparable injury.

8.     Plaintiffs are entitled to an order from this Court permanently enjoining Payless and its agents, employees and others acting in concert with them, from directly or indirectly infringing the Three-Stripe Mark in any manner, including by using any mark, design or logo that is confusingly similar to the Three-Stripe Mark in connection with the sale, offer for sale, advertising, or promotion of any goods or services.

9.     Payless has caused and is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to recover Payless's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

**B.     Payless Contends**

With respect to adidas' Claim One, Payless contends the following without limitation:

8-   PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1.      Payless denies each of adidas' contentions with respect to its Claim One, other than adidas' contention that Payless has offered for sale and sold the Payless shoes at issue in this case in the United States.

2.      adidas' definition of and reference to "the three stripe mark" is misleading.  The trademark registrations on which adidas relies include many different and varied three stripe marks.  To suggest that there is a single three stripe mark at issue is disingenuous.

3.      When adidas received the first registration of a three stripe mark in 1994, adidas began enforcing its rights in that mark.

4.      Not a single person has purchased a Payless shoe believing that it was an adidas shoe.

5.      Payless takes affirmative and effective steps to ensure that its customers know they are buying Payless shoes and not adidas shoes.

6.      Payless does not use two or four parallel stripes as a trademark or as source identifying.  Payless uses stripes on the footwear at issues purely as a design feature.

7.      In the 1994 Agreement between Payless and adidas, Payless agreed not to sell shoes with three stripes or two or four <u>serrated</u> stripes running in parallel from the lacing to the outsole.  Payless at all times has honored that Agreement.  Not one of the 30 million pairs of Payless shoes at issue had three stripes or had two or four serrated stripes.

8.      At some point after adidas and Payless entered into the 1994 Agreement, adidas decided it does not want value-based retailers selling athletic shoes with two or four parallel stripes running from the lacing to the outsole.  adidas has filed numerous lawsuits against such retailers to prevent them from selling such shoes.

9.      Stripes are a common ornamental design on athletic shoes that have been used for decades by a large number of entities competing for customers of athletic shoes.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

10.     In accordance with Local Rule 16.6(b)(4), Payless has not set forth in this Pretrial Order the evidence of facts that it will offer at the trial of this case in opposition to adidas' contentions in Claim One.

## CLAIM TWO
## Federal Unfair Competition (15 U.S.C. § 1125(a)) as to Three-Stripe Mark

**A.      adidas Contends**

1.     Payless has offered for sale and sold the Accused Footwear in the United States.

2.     The Accused Footwear bears designs that are confusingly similar imitations of adidas's Three-Stripe Mark.

3.     Payless's actions, including their sale and offer for sale of the Accused Footwear, have caused and are likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Accused Footwear is manufactured or distributed by adidas, or that Payless or their goods are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

4.     Payless has made false representations, false descriptions, and false designations of origin of its goods (i.e., the Accused Footwear) in violation of 15 U.S.C. § 1125(a).

5.     Payless's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of the public and, additionally, injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

6.     Payless's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

7.     Plaintiffs are entitled to an order from this Court permanently enjoining Payless and its agents, employees and others acting in concert with them, from directly or indirectly: (i) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising,

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

promoting or displaying any product which tends to associate or connect such product in any way to adidas or to any goods offered, provided, sold, manufactured, sponsored or approved by, or connected with adidas; or (ii) making any false description or representation of origin concerning any goods offered for sale by Payless.

8.      Payless's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas, and adidas is entitled to recover Payless's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

**B.      Payless Contends**

With respect to adidas' Claim Two, Payless incorporates herein by this references its contentions set out in response to adidas' Claim One.

<u>**CLAIM THREE**</u>
**Federal Unfair Competition (15 U.S.C. § 1125(a)) as to Superstar Trade Dress**

**A.      adidas Contends**

1.      Payless has offered for sale and sold the Accused Footwear in the United States.

2.       The Superstar Trade Dress, which consists of (a) the Three-Stripe Mark, (b) a stylized "shell" toe cap, (c) a colored portion on the outer back heel section, and (d) a particularly flat sole, is non-functional and has acquired distinctiveness in the United States, and was protectable as trade dress before Payless offered for sale or sold the Accused Footwear.:

3.      Certain of the Accused Footwear bears designs that are confusingly similar imitations of adidas's Superstar Trade Dress.

4.      Payless's actions, including their sale and offer for sale of the Accused Footwear, have caused and are likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Accused Footwear is manufactured or distributed by adidas, or that Payless or their goods are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

5.     Payless has made false representations, false descriptions, and false designations of origin of its goods (i.e., the Accused Footwear) in violation of 15 U.S.C. § 1125(a).

6.     Payless's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of the public and, additionally, injury to adidas's goodwill and reputation as symbolized by the Superstar Trade Dress, for which adidas has no adequate remedy at law.

7.     Payless's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Superstar Trade Dress to the great and irreparable injury of adidas.

8.     Plaintiffs are entitled to an order from this Court permanently enjoining Payless and its agents, employees and others acting in concert with them, from directly or indirectly: (i) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product which tends to associate or connect such product in any way to adidas or to any goods offered, provided, sold, manufactured, sponsored or approved by, or connected with adidas; or (ii) making any false description or representation of origin concerning any goods offered for sale by Payless.

9.     Payless's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas, and adidas is entitled to recover Payless's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

**B.     Payless Contends**

1.     With respect to adidas' Claim Three, Payless incorporates herein by this references its contentions set out in response to adidas' Claim One.

2.     Payless further contends that adidas cannot show any source identification for its alleged trade dress that is different or independent of the source identification for its Three-Stripe Mark.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## CLAIM FOUR
### Federal Trademark Dilution (15 U.S.C. § 1125(c)) as to Three-Stripe Mark

**A.     adidas Contends**

1.     The federally registered Three-Stripe Mark is distinctive, famous, and widely recognized by the general consuming public of the United States as a designation of source of the goods of adidas; and it was so prior to the date on which Payless first offered for sale or sold the Accused Footwear.

2.     Payless is making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas (e.g., dilution by blurring), tarnishing and degrading the positive associations and prestigious connotations of the mark (e.g., dilution by tarnishment), and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods in violation of 15 U.S.C. § 1125(c).

3.     Payless's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with and the public's recognition of adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark, to the great and irreparable injury of adidas.

4.     adidas is entitled to an order from this Court permanently enjoining Payless, their agents, employees, and others acting in concert with them, from directly or indirectly making any further commercial use of the Three-Stripe Mark or any design or mark that dilutes the distinctiveness of the Three-Stripe Mark.

5.     adidas is entitled to Payless's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

**B.     Payless Contends**

1.     With respect to adidas' Claim Four, Payless incorporates herein by this references its contentions set out in response to adidas' Claim One.

13-  PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

2.    Payless further contends that it is not using a "mark" in connection with the offering for sale or the sale of its shoes at issue in this case.  Pursuant to 15 U.S.C. §§ 1125(c) and 1127, Payless's use of a "mark" is as an element of the cause of action adidas attempts to assert in Claim Four based on such offerings and sales.

## CLAIM FIVE
**Federal Trademark Dilution (15 U.S.C. § 1125(c)) as to Superstar Trade Dress**

**A.    adidas Contends**

1.    The Superstar Trade Dress is distinctive, famous, and widely recognized by the general consuming public of the United States as a designation of source of the goods of adidas; and it was so prior to the date on which Payless first offered for sale or sold the Accused Footwear.

2.    Payless is making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of adidas's Superstar Trade Dress by eroding the public's exclusive identification of this famous mark with adidas (e.g., dilution by blurring), tarnishing and degrading the positive associations and prestigious connotations of the mark (e.g., dilution by tarnishment), and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods in violation of 15 U.S.C. § 1125(c).

3.    Payless's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with and the public's recognition of adidas's Superstar Trade Dress or to cause dilution of the Superstar Trade Dress, to the great and irreparable injury of adidas.

4.    adidas is entitled to an order from this Court permanently enjoining Payless, their agents, employees, and others acting in concert with them, from directly or indirectly making any further commercial use of the Three-Stripe Mark or any design or mark that dilutes the distinctiveness of the Superstar Trade Dress.

5.    adidas is entitled to Payless's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**B.      Payless Contends**

1.      With respect to adidas' Claim Five, Payless incorporates herein by this references its contentions set out in response to adidas' Claims One and Three.

2.      Payless further contends that it is not using a "mark" in connection with the offering for sale or the sale of its shoes at issue in this case.  Pursuant to 15 U.S.C. §§ 1125(c) and 1127, Payless's use of a "mark" is as an element of the cause of action adidas attempts to assert in Claim Five based on such offerings and sales.

<u>CLAIM SIX</u>
**State Trademark Dilution and Injury to Business Reputation (Three-Stripe Mark)**

**A.      adidas Contends**

1.      adidas has extensively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world, and the mark has thereby become a distinctive, famous, and well-known symbol of adidas's goods.

2.      Payless's sale and offer for sale of the Accused Footwear dilutes and is likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of this mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods.

3.      Payless's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with and the public's recognition of adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark, to the great and irreparable injury of adidas.

4.      Payless's actions violate the Oregon antidilution act, O.R.S. § 647.107 (2003), as well as the antidilution laws of the several states, including Alabama, ALA. CODE § 8-12-17 (2003); Alaska, ALASKA STAT. §45.50.180 (Michie 2002); Arizona, ARIZ. REV. STAT. ANN. §44-1448.01 (West 2003); Arkansas, ARK. CODE ANN. § 4-71-213 (2002); California, CAL. BUS. & PROF. CODE § 14330 (West 2003); Connecticut, CONN. GEN. STAT. ANN

15-  PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

§ 35-11i(c) (West 2003); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2002); Florida, FLA. STAT. ANN. § 495.151 (West 2003); Georgia, GA. CODE ANN. § 10-1-451 (2003); Hawaii, HAW. REV. STAT. ANN. §482-32 (Michie 2003); Idaho, IDAHO CODE § 48-513 (Michie 2002); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2003); Iowa, IOWA CODE ANN. § 548.113 (West 2003); Kansas, KAN. STAT. ANN. § 81-214 (2002); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2003); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2003); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B, § 12 (West 2003); Minnesota, MINN. STAT. ANN. § 333.285 (West 2003); Mississippi, MISS. CODE. ANN. § 75-25-25 (2003); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002); Montana, MONT. CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. §87-140 (Michie 2002); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2003); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2002); New York, N.Y. GEN. BUS. Law § 360-l (2003); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 1996); Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); South Carolina, S. C. CODE ANN. § 39-15-1165 (2002); Tennessee, TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2003); Utah, UT. CODE ANN. §70-3a-403 (2002); Washington, WASH. REV. CODE ANN. § 19.77.160 (2003); West Virginia, W. VA. CODE ANN. 47-2-13 (Michie 2003); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2002).

5.      adidas is entitled to an order from this Court permanently enjoining Payless, their agents, employees, and others acting in concert with them, from directly or indirectly making any further commercial use of the Three-Stripe Mark or any design or mark that dilutes the distinctiveness of the Three-Stripe Mark.

6.      adidas also is entitled to damages, costs and reasonable attorneys' fees.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**B.       Payless Contends**

With respect to adidas' Claim Six, Payless incorporates herein by this references its contentions set out in response to adidas' Claim One.

<u>**CLAIM SEVEN**</u>
**State Trademark Dilution and Injury to Business Reputation (Superstar Trade Dress)**

**A.       adidas Contends**

1.       adidas has extensively and continuously promoted and used the Superstar Trade Dress both in the United States and throughout the world, and the trade dress has thereby become a distinctive, famous, and well-known symbol of adidas's goods.

2.       Payless's sale and offer for sale of the Accused Footwear dilutes and is likely to dilute the distinctiveness of adidas's Superstar Trade Dress by eroding the public's exclusive identification of this mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods.

3.       Payless's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with and the public's recognition of adidas's Superstar Trade Dress or to cause dilution of the Superstar Trade Dress, to the great and irreparable injury of adidas.

4.       Payless's actions violate the Oregon antidilution act, O.R.S. § 647.107 (2003), as well as the antidilution laws of the several states, including Alabama, ALA. CODE § 8-12-17 (2003); Alaska, ALASKA STAT. §45.50.180 (Michie 2002); Arizona, ARIZ. REV. STAT. ANN. §44-1448.01 (West 2003); Arkansas, ARK. CODE ANN. § 4-71-213 (2002); California, CAL. BUS. & PROF. CODE § 14330 (West 2003); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2003); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2002); Florida, FLA. STAT. ANN. § 495.151 (West 2003); Georgia, GA. CODE ANN. § 10-1-451 (2003); Hawaii, HAW. REV. STAT. ANN. §482-32 (Michie 2003); Idaho, IDAHO CODE § 48-513 (Michie 2002); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2003); Iowa, IOWA CODE ANN.

17-  PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0010/LEGAL14082807.1

§ 548.113 (West 2003); Kansas, KAN. STAT. ANN. § 81-214 (2002); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2003); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2003); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B, § 12 (West 2003); Minnesota, MINN. STAT. ANN. § 333.285 (West 2003); Mississippi, MISS. CODE. ANN. § 75-25-25 (2003); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002); Montana, MONT. CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. §87-140 (Michie 2002); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2003); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2002); New York, N.Y. GEN. BUS. Law § 360-l (2003); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 1996); Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); South Carolina, S. C. CODE ANN. § 39-15-1165 (2002); Tennessee, TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2003); Utah, UT. CODE ANN. §70-3a-403 (2002); Washington, WASH. REV. CODE ANN. § 19.77.160 (2003); West Virginia, W. VA. CODE ANN. 47-2-13 (Michie 2003); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2002).

5.      adidas is entitled to an order from this Court permanently enjoining Payless, their agents, employees, and others acting in concert with them, from directly or indirectly making any further commercial use of the Superstar Trade Dress or any design or mark that dilutes the distinctiveness of the Superstar Trade Dress.

6.      adidas also is entitled to damages, costs and reasonable attorneys' fees.

**B.      Payless Contends**

1.      With respect to adidas' Claim Seven, Payless incorporates herein by this references its contentions set out in response to adidas' Claims One and Three.

2.      Payless further contends that the Court, in its December 21, 2007 Opinion and Order, entered summary judgment against adidas on Count Seven of the Third Amended

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Complaint, this cause of action for State Trademark Dilution and Injury to Business Reputation with respect to the Superstar Trade Dress.

**CLAIM EIGHT**
**Unfair and Deceptive Trade Practices as to Three-Stripe Mark**

**A.  adidas Contends**

1.  Payless's activities are causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Payless's goods, and are causing a likelihood of confusion as to Payless's affiliation, connection, or association with adidas, and otherwise damaging the public.  Payless also has been and is passing off its goods as those of adidas or otherwise representing that their goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that they do not have, or that Payless has a sponsorship, approval, status, qualification, affiliation, or connection that they do not have.

2.  Payless's conduct, including the sale and offer for sale of the Accused Footwear, constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Oregon's Unlawful Trade Practices Act, O.R.S. §§ 646.605 to 646.656 (2003), and the unfair and deceptive trade practices statutes of other states, including Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (1993 & Supp. 1998); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (1994); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (1993); Illinois, 815 ILL. COMP. STAT. ANN. 510/1 to 510/7 (1993); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 1996); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 1995); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (1995); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 1995); New York, N.Y. GEN. BUS. Law § 349 (McKinney 1988); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (West 1995); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

3.      Payless's unauthorized use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas, and adidas is entitled to permanent injunctive relief and to recover damages, punitive damages, costs, and reasonable attorneys' fees.

**B.      Payless Contends**

With respect to adidas' Claim Eight, Payless incorporates herein by this references its contentions set out in response to adidas' Claim One.

**CLAIM NINE**
**Unfair and Deceptive Trade Practices as to Superstar Trade Dress**

**A.      adidas Contends**

1.      Payless's activities are causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Payless's goods, and are causing a likelihood of confusion as to Payless's affiliation, connection, or association with adidas, and otherwise damaging the public.  Payless also has been and is passing off its goods as those of adidas or otherwise representing that their goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that they do not have, or that Payless has a sponsorship, approval, status, qualification, affiliation, or connection that they do not have.

2.      Payless's conduct, including the sale and offer for sale of the Accused Footwear, constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Oregon's Unlawful Trade Practices Act, O.R.S. §§ 646.605 to 646.656 (2003), and the unfair and deceptive trade practices statutes of other states, including Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (1993 & Supp. 1998); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (1994); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (1993); Illinois, 815 ILL. COMP. STAT. ANN. 510/1 to 510/7 (1993); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 1996); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 1995); Nebraska,

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

NEB. REV. STAT. §§ 87-301 to 87-306 (1995); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 1995); New York, N.Y. GEN. BUS. Law § 349 (McKinney 1988); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (West 1995); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998).

3.      Payless's unauthorized use of confusingly similar imitations of adidas's Superstar Trade Dress has caused and is likely to cause substantial injury to the public and to adidas, and adidas is entitled to permanent injunctive relief and to recover damages, punitive damages, costs, and reasonable attorneys' fees.

**B.      Payless Contends**

With respect to adidas' Claim Nine, Payless incorporates herein by this references its contentions set out in response to adidas' Claims One and Three.

**CLAIM TEN**
**Common Law Trademark Infringement and Unfair Competition (Three-Stripe Mark)**

**A.      adidas Contends**

1      Payless's acts, including the sale and offer for sale of the Accused Footwear, constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of adidas unless restrained by this Court, and adidas has no adequate remedy at law for this injury.

2.      Payless acted with full knowledge of adidas's use of, and statutory and common law rights to, the Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Payless's activities.

3.      Payless's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

4.      As a result of Payless's acts, adidas has been damaged and adidas is entitled to injunctive relief, an accounting of Payless's profits, damages, and costs.

21-  PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

5. In light of the intentionally fraudulent and malicious use of confusingly similar material manufactured and sold with reckless disregard for adidas's trademarks, adidas is entitled to punitive damages.

**B.    Payless Contends**

With respect to adidas' Claim Ten, Payless incorporates herein by this references its contentions set out in response to adidas' Claim One.

## <u>CLAIM ELEVEN</u>
### Common Law Trademark Infringement and Unfair Competition (Superstar Trade Dress)

**A.    adidas Contends**

1. Payless's acts, including the sale and offer for sale of the Accused Footwear, constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of adidas unless restrained by this Court, and adidas has no adequate remedy at law for this injury.

2. Payless acted with full knowledge of adidas's use of, and statutory and common law rights to, the Superstar Trade Dress and without regard to the likelihood of confusion of the public created by Payless's activities.

3. Payless's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Superstar Trade Dress to the great and irreparable injury of adidas.

4. As a result of Payless's acts, adidas has been damaged and adidas is entitled to injunctive relief, an accounting of Payless's profits, damages, and costs.

5. In light of the intentionally fraudulent and malicious use of confusingly similar material manufactured and sold with reckless disregard for adidas's trademarks, adidas is entitled to punitive damages.

22- PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**B.     Payless Contends**

With respect to adidas' Claim Eleven, Payless incorporates herein by this references its contentions set out in response to adidas' Claims One and Three.

## V.     OTHER LEGAL ISSUES

**A.     Issues Raised by The Parties**

The parties have filed numerous motions in limine which raise legal issues for the Court's resolution.

**B.     Issues Raised by Payless**

Payless will ask the Court to enter an order formally dismissing, with prejudice, all causes of action that adidas previously asserted against Payless in this case but that it no longer is pursuing, including at least the following:

- Second Amended Complaint – Count III (Federal Unfair Competition – Prajna Trade Dress), Count VII (State Trade Dress Dilution and Injury to Business Reputation as to Prajna Trade Dress), Count X (Breach of Contract), Count XI (Common Law Trade Dress Infringement and Unfair Competition - Prajna Trade Dress), and Count XII (Unfair and Deceptive Trade Practices as to Prajna Trade Dress); and

- All trade dress claims asserted by adidas America, Inc. and adidas-Salomon AG in the case of *adidas America, Inc. and adidas-Salomon AG v. Payless ShoeSource, Inc.*, Case No. CV03-1116RE (D. Or.) and all trade dress causes of action asserted in the Complaint in that case.

adidas first submitted its proposed Pretrial Order to Payless on February 20, 2008.  In that proposal, adidas excluded all five of the Superstar Trade Dress claims contained in its Third Amended Complaint.  Over the next 16 days, Payless undertook significant trial preparation efforts with the understanding that adidas was dropping each of these five claims.  However, on March 7, 2008, adidas notified Payless that its original proposed Pretrial Order was a mistake,

23-  PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

and that adidas was, in fact, still asserting each of the five Superstar Trade Dress claims. As a result, rather than seeking redress from the Court (such as a 16 day postponement of the trial date), Payless elected to re-do all of its deposition designations, review all the produced documents in this case to determine whether any additional documents needed to be added to Payless' exhibit list, and revisit whether its witness list was complete. While Payless attempted to be as thorough as possible in making these changes, Payless may need to supplement its exhibit and witness list in the future, should it identify additional relevant information that was initially omitted on the basis of adidas' mistake.

Payless incorporates herein by reference all defenses, claims and objections it previously raised in this case. Payless does not waive any claim or defense previously known to or contested by the parties for purposes of appeal merely because the issue or defense is not specifically listed in this Pretrial Order.

## VI. PROPOSED AMENDMENTS TO THE PLEADINGS

The parties propose amending the pleadings to replace Plaintiff adidas-Salomon AG with Plaintiff adidas AG, as adidas-Salomon AG officially changed its name to "adidas AG" effective January 1, 2006.

DATED: March 18, 2008

By /s/ Stephen M. Feldman
Stephen M. Feldman, OSB No. 932674
Thomas R. Johnson, OSB No. 010645
PERKINS COIE LLP
1120 N. W. Couch St., 10th Floor
Portland, OR 97209
Telephone: 503-727-2000

KILPATRICK STOCKTON LLP
Jerre B. Swann (admitted *pro hac vice*)
William H. Brewster (admitted *pro hac vice*)
R. Charles Henn Jr. (admitted *pro hac vice*)
Telephone: 404-815-6500

Attorneys for Plaintiffs

By /s/ William B. Crow
William B. Crow, OSB No. 610180
SCHWABE, WILLIAMSON & WYATT
1211 SW Fifth Avenue, Suite 1600-1900
Portland, OR 97204
Telephone: 503-222-9981

LATHROP & GAGE L.C.
William A. Rudy (admitted *pro hac vice*)
William R. Hansen (admitted *pro hac vice*)
Phillip S. Lorenzo (admitted *pro hac vice*)
Telephone: 816-292-2000

Attorneys for Defendant

24- PRETRIAL ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222